IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROSA RODRIGUEZ MURPHY, et. al.,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA

    Defendant.

CIVIL NO.: 17-1841 (MEL)

**OPINION AND ORDER**

**I.   PROCEDURAL BACKGROUND**

On June 22, 2017, Rosa Rodríguez Murphy, Edwin Maysonet, María I. Maysonet, Giovanni Maysonet, and Princi L. Maysonet ("Plaintiffs") filed a complaint against the United States under the Federal Tort Claims Act ("FTCA"), seeking damages for Defendant's alleged negligent medical care and treatment of Pedro Maysonet ("Mr. Maysonet") at the Veterans Hospital. ECF No. 1. Plaintiffs' claims seek redress for the damages suffered by them for the death of their husband and father, as well as for the damages suffered by Mr. Maysonet during the three months prior to his death, a claim now inherited by them as heirs. Id. at 6. Pending before the court is a motion to dismiss Plaintiffs' survivorship claim for failure to include all necessary parties. ECF No. 29. In the pending motion, Defendant contends that in addition to the four children and their mother, who are plaintiffs in this suit, Mr. Maysonet had four heirs not included in the present action. Id. at 1–2. Defendant argues that, pursuant to Federal Rule of Civil Procedure 19 ("Rule 19"), all heirs to an estate must be joined as parties in a survivorship action because under Puerto Rico property law an estate is not a distinct entity separate from those

composing it, and therefore its members are indispensable parties in an inherited action. Id. Plaintiffs filed a response in opposition in which they argue that under Rule 19, heirs are not considered indispensable parties in a survivorship action such that would warrant dismissal of the claim. ECF No. 32. Moreover, Plaintiffs argue that continuance of the survivorship claim would not prejudice the rights of the missing heirs because whatever cause of action the missing heirs may have had under the FTCA is now time-barred as the applicable statute of limitations has run; thus, continuance of the survivorship claim can only benefit the missing heirs. Id. at 3.

## II. STANDARD FOR RULE 19 JOINDER

Pursuant to Rule 19, a necessary party is one: "(1) without whom the court cannot accord complete relief; or (2) who claims an interest relating to the subject of the action and is situated such that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest; or (3) whose claimed interest in the subject of the action would leave defendants subject to substantial risk of incurring multiple or otherwise inconsistent obligations." Cruz-Gascot v. HIMA-San Pablo Hosp. Bayamón, 728 F.Supp. 2d 14, 26–27 (D.P.R. 2010) (citing Fed. R. Civ. P. 19(a)). "If the court determines that someone is a necessary party under Rule 19(a) but one that cannot be feasibly joined, then the court proceeds under Rule 19(b) to determine 'whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.'" Id. (citing Fed. R. Civ. P. 19(b); In re Cambridge Biotech Corp., 186 F.3d 1356, 1372 (Fed. Cir. 1999)).

## III. LEGAL ANALYSIS

There is a split of authority in the District of Puerto Rico regarding whether heirs are indispensable parties to a survivorship claim. See Rivera v. González, No. 15-2080 (MEL), 2017 WL 1247875, at *3 (D.P.R. 2017); Betancourt v. United States, No. 12-1326 (MEL), 2014 WL

5846745, at *2 (D.P.R. 2014). The First Circuit has noted the split between judges in this district regarding the indispensability of absent heirs, but without ruling on the issue. See Delgado-Caraballo v. Hosp. Pavía Hato Rey, Inc., 889 F.3d 30, 35 (1st Cir. 2018); Cason v. Puerto Rico Elec. Power Auth., 770 F.3d 971, 975–76 (1st Cir. 2014); Jiménez v. Rodríguez-Pagán, 597 F.3d 18, 27 (1st Cir. 2010). As the absence of a binding resolution to the issue remains, the undersigned continues to find persuasive the holding in Betancourt and reaffirms "that heirs are indispensable parties to a survivorship action." 2014 WL 5846745, at *3. The reasoning deployed in Betancourt is incorporated by reference into this opinion and order. Id. See also Delgado v. Dorado Health, Inc., 2017 WL 2963379, at *2 (D.P.R. 2017) (Singal, J.); González v. Presbyterian Cmty. Hosp., Inc., 103 F. Supp. 3d 198, 199 (D.P.R. 2015) (Delgado-Hernández, J.); Pino-Betancourt v. Hosp. Pavía Santurce, 928 F. Supp. 2d 393, 396–97 (D.P.R. 2013) (Besosa, J.) (holding that heirs are necessary and indispensable parties to a survivorship action).

Plaintiffs' argument that the missing heirs are not necessary and that continuance of the survivorship claim has no effect upon their rights is untenable. Under Puerto Rico law, "a 'sucesión' is not an entity distinct and separate from the persons composing it" and "does not have existence by itself as a juridical person or entity." Pino-Betancourt, 928 F. Supp. 2d at 396. It follows that any action taken by Plaintiffs in this suit would have an effect on the interests of the heirs not party to this suit. For example, any form of settlement by Plaintiffs could entail an act of alteration of the inheritance, as it may reduce the amount of damages to be inherited. Cruz-Gascot, 728 F. Supp. 2d at 26. Such alteration cannot be made without the consent of all the heirs. Id. Therefore, as previously held by the undersigned, "a lawsuit brought by only one or some of the heirs could prejudice the rights of others in the succession, rendering such parties necessary to the survivorship action." Rivera, 2017 WL 1247875, at *3.

Additionally, allowing a survivorship claim to continue in the absence of heirs would incentivize future heirs to bring causes of action before a court without notifying all of the necessary parties, and increase the likelihood of inconsistent verdicts.

Having established that Mr. Maysonet's other heirs are necessary parties to the survivorship claim, the next question is whether they can be joined. Plaintiffs argue that since the applicable period to bring a cause of action under the FTCA is two years after the decedent's death, the missing heirs cannot file wrongful death claims against the United States. See 28 U.S.C. § 2401(b). They add that since any claim the missing heirs may have had is now time-barred by the applicable statute of limitations, they are no longer indispensable parties, and thus the inherited claim may proceed without their joinder. ECF No. 32, at 3. However, Plaintiffs fail to cite any authority supporting their contention that an indispensable party becomes dispensable because of the statute of limitations. The inquiry is whether within two years after the claim accrued *all* the heirs were indispensable parties. The court answers this question in the affirmative. Nothing prevented all the heirs from complying with this requirement and presenting a lawsuit with their survivorship claim in a timely manner.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss the survivorship claim is GRANTED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of August, 2019.

                                                        s/Marcos E. López
                                                        U.S. Magistrate Judge